2008 ME 4

**Ricky B. COLE**

v.

**Brenda COLE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Nov. 27, 2007.

Decided: Jan. 8, 2008.

---

Charles Ferris, Esq., Ferris, Chandler, St. Waterville, ME, for appellant.

Maureen Boston, Esq., Penquis Law Project, Bangor, ME, for appellee.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and GORMAN, JJ.

SAUFLEY, C.J.

[¶ 1] Ricky B. Cole appeals from a judgment entered in the District Court(Newport, *Dow, J.*) issuing a protection from abuse order to Brenda Cole, Ricky Cole's wife, and their child pursuant to 19–A M.R.S. § 4002(C) (2007). Ricky Cole argues that the evidence was insufficient to justify the issuance of the protection from abuse order. We affirm the judgment.

## I. BACKGROUND

[¶ 2] On March 12, 2007, Brenda Cole filed a complaint in the District Court seeking protection from abuse for herself and her minor child. A hearing was held on March 20, 2007, attended by both Ricky and Brenda Cole, at which Brenda Cole and other witnesses described several incidents of abuse to the court. The court issued a protection from abuse order for Brenda and the child, finding that the parties were family or household members, and that Ricky had abused Brenda by preventing her from engaging in certain conduct. *See* 19–A M.R.S. § 4002(C).

## II. DISCUSSION

[¶ 3] Our review of the District Court's ruling is limited to a review of the record to determine "whether competent evidence exists to support the trial court's factual conclusions." *See Smith v. Hawthorne*, 2002 ME 149, ¶ 15, 804 A.2d 1133, 1138. Ricky argues that there was insufficient evidence from which the court could have concluded that he engaged in conduct that constituted "[c]ompelling a person by force, threat of force or intimidation to engage in conduct from which the person

has a right or privilege to abstain or to abstain from conduct in which the person has a right to engage." 19–A M.R.S. § 4002(C).

[¶ 4] Three witnesses testified to Ricky's longstanding pattern of controlling, intimidating, and threatening conduct toward his wife. The court had before it the following evidence that Ricky did exactly what section 4002(C) prohibits: (1) Ricky destroyed a DSL internet box to prevent Brenda from communicating with friends and family; (2) he attempted to keep Brenda isolated in the home away from visitors; (3) he placed Brenda in fear that her children would not be safe alone with him; (4) he had the power to the home cut off in an attempt to drive Brenda out; and (5) he constantly acted in a controlling manner toward her. As the court concluded, Ricky's efforts to isolate, intimidate, and control Brenda are precisely those actions from which the Legislature sought to provide protection in enacting this provision of the statute.

[¶ 5] With respect to the child, competent evidence also exists to support the court's order. According to Brenda's testimony, Ricky "compel[ed] [the child] by force, threat of force or intimidation . . . to abstain from conduct in which [he had] a right to engage." 19–A M.R.S. § 4002(C). Brenda's testimony indicated that Ricky's conduct prevented the child from sleeping during normal hours and resulted in the child staying up all night with his mother. This fact is sufficient to support the court's determination that the child should also be protected by the order.

[¶ 6] The District Court did not err in finding that abuse had occurred and in granting the protection order.[1]

The entry is:

Judgment affirmed.

---

1. Ricky Cole also argues that the order should be vacated pursuant to the doctrine of res judicata because a previous protection from abuse order, that Brenda obtained against him had been vacated at her request. Ricky also argues that the order should be vacated because some of the evidence introduced against him was hearsay. We find these arguments meritless.