MAINE SUPREME JUDICIAL COURT            Reporter of Decisions
Decision:     2014 ME 18
Docket:       Yor-13-117
Argued:      December 17, 2013
Decided:      February 11, 2014

Panel:        SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

ELLEN J. CLARK

v.

JOHN BRIAN MCLANE

GORMAN, J.

[¶1] John Brian McLane appeals from an order for protection from abuse entered in the District Court (Biddeford, *Foster, J.*) on Ellen J. Clark's complaint. McLane contends that there is insufficient evidence as a matter of law to support the court's finding that he abused Clark within the meaning of the protection from abuse statute, 19-A M.R.S. §§ 4001-4014 (2012).[1] We affirm the judgment.

## I. BACKGROUND

[¶2] The following facts are undisputed.[2] Clark and McLane engaged in an intimate relationship for several months from 2011 to 2012. On January 13, 2013,

---

[1] Portions of the protection from abuse statute have since been amended, *see* P.L. 2013, ch. 109, §§ 1-2 (effective Oct. 9, 2013); P.L. 2013, ch. 424, § B-8 (effective July 16, 2013), but those amendments do not affect this appeal.

[2] The court made some findings of fact, which are supported by competent evidence. Because McLane did not request further findings of fact, we assume that the court found the additional facts set forth here that are necessary to support its judgment. *See Ellis v. Ellis*, 2008 ME 191, ¶ 19, 962 A.2d 328.

2

after their relationship had ended and after Clark had notified McLane's wife of the affair, McLane sent an email to Clark containing a litany of insulting and derogatory remarks. He informed her that he had created a website in her name on which he planned to post nude photographs of her, and that he was also setting up accounts with three major search engines so that any search of her name would first yield a result for the website that he had created. In addition, he told her that he was creating an account on a video-sharing website in her name, that he would be sharing the websites with her friends, that he had already gathered eighteen or more email addresses from her work colleagues to share the websites with them, and that potential employers would see the websites as well. McLane further stated that "[g]uys will have your cell number, as well as your work number to get a hold of you [sic] and ask you out." McLane provided a link to a website in her name that he had already set up; it consisted of a single page stating, "The naked pictures of EJ Clark will be coming soon…. along with her cell phone number and her work number for you to call and arrange a date."

[¶3] In January of 2013, Clark instituted protection from abuse proceedings against McLane. The court (*Janelle, J.*) issued a temporary protection order. During the testimonial hearing held in February of 2013, Clark testified that she

---

In any event, the parties do not dispute the underlying facts; McLane instead argues that those facts are insufficient as a matter of law to support the judgment.

believed that McLane would follow through with his stated intentions, and that his actions would adversely affect her career and her employability. She testified that McLane's threat to contact her work colleagues was an attempt to affect her current employment by causing her to avoid work and would also affect her ability to find other employment. The court (*Foster, J.*) determined that McLane's conduct constituted abuse and granted Clark a protection order for a period of one year prohibiting McLane from having contact with Clark, and also ordering McLane to "immediately disable any efforts/sites designed to disseminate information about plaintiff to others" and "not undertake further efforts to do so." McLane appeals.

## II. DISCUSSION

[¶4]  The protection from abuse statute authorizes the court to issue a protection order upon proof, by a preponderance of the evidence, that the plaintiff and defendant are "family or household members" or "dating partners" and that the defendant committed some form of "abuse" against the plaintiff. 19-A M.R.S. §§ 4002(1), (3-A), (4), 4005(1), 4006(1), 4007(1). There is no dispute that McLane and Clark qualify as "[d]ating partners" within the meaning of 19-A M.R.S. § 4002(3-A) and McLane concedes that he sent the email that is the subject of this action. What remains for our decision is whether McLane's actions

4

and statements meet the definition of "abuse" in the statute as a matter of law. *See* 19-A M.R.S. § 4002(1).

[¶5]  We conduct a de novo interpretation of the plain language of the statute to determine its unambiguous meaning. *L'Heureux v. Michaud*, 2007 ME 149, ¶¶ 5, 7, 938 A.2d 801.  The statute defines "abuse" as follows:

> **1. Abuse.**  "Abuse" means the occurrence of the following acts between family or household members or dating partners or by a family or household member or dating partner upon a minor child of a family or household member or dating partner:
>
> **A.** Attempting to cause or causing bodily injury or offensive physical contact, including sexual assaults under Title 17-A, chapter 11, except that contact as described in Title 17-A, section 106, subsection 1 is excluded from this definition;
>
> **B.** Attempting to place or placing another in fear of bodily injury through any course of conduct, including, but not limited to, threatening, harassing or tormenting behavior;
>
> **C.** Compelling a person by force, threat of force or intimidation to engage in conduct from which the person has a right or privilege to abstain or to abstain from conduct in which the person has a right to engage;
>
> **D.** Knowingly restricting substantially the movements of another person without that person's consent or other lawful authority by:
>
>> **(1)** Removing that person from that person's residence, place of business or school;
>>
>> **(2)** Moving that person a substantial distance from the vicinity where that person was found; or

**(3)** Confining that person for a substantial period either in the place where the restriction commences or in a place to which that person has been moved;

**E.** Communicating to a person a threat to commit, or to cause to be committed, a crime of violence dangerous to human life against the person to whom the communication is made or another, and the natural and probable consequence of the threat, whether or not that consequence in fact occurs, is to place the person to whom the threat is communicated, or the person against whom the threat is made, in reasonable fear that the crime will be committed; or

**F.** Repeatedly and without reasonable cause:

**(1)** Following the plaintiff; or

**(2)** Being at or in the vicinity of the plaintiff's home, school, business or place of employment.

19-A M.R.S. § 4002(1). In interpreting section 4002, the protection statute also requires us to "liberally construe and apply this chapter to promote [its] underlying purposes," including to "recognize domestic abuse as a serious crime against the individual and society, producing an unhealthy and dangerous family environment, resulting in a pattern of escalating abuse, including violence, that frequently culminates in intrafamily homicide and creating an atmosphere that is not conducive to healthy childhood development." 19-A M.R.S. § 4001(1).

[¶6] Abuse comes in many forms, and neither the plain language of the protection statute nor our prior interpretations of it requires evidence of physical harm or the risk of physical harm to sustain a finding of abuse. *See* 19-A M.R.S.

§ 4002(1); *Cole v. Cole*, 2008 ME 4, ¶ 4, 940 A.2d 194.  Rather, contrary to McLane's contention, we agree with the District Court that, at a minimum, the definition of "abuse" in section 4002(1)(C) encompasses McLane's behavior. Subsection 1(C) proscribes acts that, through intimidation, compel the victim to abstain from conduct in which the victim has a right to engage.  One type of conduct in which Clark had a right to engage was going to work.  Clark testified that McLane's threats, which focused in large part on Clark's work colleagues and future employment prospects, were an attempt to humiliate her and to cause her to avoid going to work.  Given the liberal construction of the statute that the Legislature directs us to apply, the evidence Clark presented is sufficient as a matter of law to support the court's finding of abuse.

The entry is:

Judgment affirmed.

---

**On the briefs:**

Scott Giese, Esq., Biddeford, for appellant John Brian McLane

R. July Simpson, Esq., Champagne & Simpson, LLC, Biddeford, for appellee Ellen J. Clark

Christopher Northrop, Esq., Sara Murphy, Student Attorney, and Caitlin Ross, Student Attorney, Cumberland Legal Aid Clinic, Portland, for amicus curiae Cumberland Legal Aid Clinic

James M. Amendolara, Esq., Sanford, for amici curiae National Association of Women Lawyers and Sarah Buel

Erin M. Lundberg, Esq., and Lucia Chomeau Hunt, Esq., Pine Tree Legal Assistance, Inc., Portland, for amicus curiae Pine Tree Legal Assistance, Inc.

Tamar Perfit Mathieu, Esq., Penquis Law Project, Bangor, for amicus curiae Maine Coalition Against Sexual Assault

**At oral argument:**

Scott Giese, Esq., for appellant John Brian McLane

R. July Simpson, Esq., for appellee Ellen J. Clark

Biddeford District Court docket number PA-2013-17
FOR CLERK REFERENCE ONLY